UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| TAMMY LYNN ROSE, | ) | |
|---|---|---|
| | ) | Case No. 4:23-cv-5 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Magistrate Judge Susan K. Lee's Report and Recommendation (Doc. 16), which recommends that Plaintiff Tammy Rose's requests for relief (Docs. 12, 15) be denied and that Defendant Commissioner of Social Security's request for affirmation of her final decision be affirmed (Doc. 14.) Plaintiff filed timely objections to Judge Lee's Report and Recommendation (Doc. 17.)

## I. STANDARD OF REVIEW[1]

The Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). However, if an objection merely restates arguments asserted in a plaintiff's

---

[1] Because Plaintiff does not object to Judge Lee's recitation of the facts and procedural history, the Court will not restate them.

earlier motion which were addressed by the Magistrate Judge's Report and Recommendation, it constitutes only a general objection and is deemed waived. *See Middleton v. Octapharma Plasma, Inc.*, No. 19-1943, 2020 WL 5000070, at *1 (6th Cir. Mar. 26, 2020) ("[A] general objection to a magistrate judge's report is considered tantamount to no objection at all."); *see also United States v. Price*, No. 3:23-cr-35, 2023 WL 8370411, at 13 (E.D. Tenn. Dec. 4, 2023) ("[O]bjections [that] reiterate arguments that defendants have previously made [] are considered general objections that do not sufficiently identify alleged errors in the R&R.") The Sixth Circuit has explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

## II. ANALYSIS

Plaintiff purports to raise two objections to the Report and Recommendation, however neither are true objections.

Plaintiff first argues that the ALJ's decision was in error because he failed to explain the omission of moderate restriction in concentration, persistence, and pace from the RFC and the dispositive hypothetical question, despite finding limitations in this area

2

at the Step Two of the sequential evaluation process. (Doc. 17, at 1–3.) However, this simply restates the argument Plaintiff made in her briefings. (*See* Docs. 12, 15.) Judge Lee fully considered and rejected this argument. (*See* Doc. 16, at 5–15.) While Plaintiff urges the Court to "decline to adopt [Judge Lee's] position on this issue," Plaintiff does not explain specifically why Judge Lee's analysis is incorrect. (*Id*. at 1–3.) This is nothing more than a general disagreement with the magistrate judge's conclusion and does not constitute an objection meriting *de novo* review. *See Price*, 2023 WL 8370411, at *4 ("Each objection to a magistrate judge's recommendation should describe how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue."); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

Plaintiff next "objects to the implication that [cases cited by Judge Lee], hold that substantial evidence trumps the District Court's duty to screen for legal error."[2] (Doc. 17, at 4.) Plaintiff argues that the Report and Recommendation "inaccurately implies that the [District] Court's hands are tied, so long as a reasonable mind could reach the ALJ's conclusions, when such is clearly not the case." (*Id*. at 5.) However, Plaintiff does not claim that Judge Lee applied an incorrect legal standard in the Report and Recommendation. (*Id*. at 3–5.) Furthermore, the Court does not see how an "implication" as to this Court's duty to review an ALJ's decision can be a basis for

---

[2] The Court notes that the Report and Recommendation explicitly acknowledges that the Commissioner's decision may be reversed if it "rests on an incorrect legal standard." (Doc. 16, at 5 (quotations and citations omitted).)

3

rejecting Judge Lee's Report and Recommendation. This argument is at best a general objection which does not merit *de novo* review.

Having conducted a review of Judge Lee's Report and Recommendation, as well as all the record evidence presented in this case, the Court agrees with Judge Lee's well-reasoned conclusions. Accordingly, Plaintiff's Objections (Doc. 17) are **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** Judge Lee's findings of fact, conclusions of law, and recommendations (Doc. 16): Plaintiff's requests for relief (Docs. 12, 15) are **DENIED**, Defendant's request for affirmance of her final decision denying benefits (Doc. 14) is **GRANTED**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**